01

02

03

04

05

06

07                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09   MATTHEW G. SILVA,                    )    CASE NO. C04-1484-JCC-MAT
                                          )
10          Plaintiff,                    )
                                          )
11      v.                                )
                                          )    REPORT AND RECOMMENDATION
12   KING COUNTY, *et al.*,               )
                                          )
13          Defendants.                   )
     _____    )

14

15          This is a *pro se* civil rights action brought under 42 U.S.C. § 1983.  This matter is now

16   before the Court on plaintiff's second motion for preliminary injunctive relief which was received

17   by the Court on January 5, 2005.  Plaintiff's motion was accompanied by a memorandum in

18   support of the motion, two lengthy declarations by plaintiff, with numerous attached exhibits, and

19   a declaration by a fellow inmate.  Defendants filed a timely response to plaintiff's motion on

20   January 14, 2005.  On February 9, 2005, plaintiff submitted additional declarations and exhibits

21   in support of his motion for preliminary injunctive relief.[1]

22   _____

23          [1] These materials were accompanied by a motion to supplement the record.  Plaintiff
     requested therein that the Court consider hundreds of additional pages of declarations and exhibits
24   in ruling on the instant motion for preliminary injunctive relief and on his pending motion to
     compel discovery.  The Court has reviewed the proposed supplemental declarations and exhibits
25   and, while the Court questions whether these documents serve to advance the arguments
     presented by plaintiff in his motion for preliminary injunctive relief, defendants have raised no
26   objection to plaintiff's motion to supplement the record and that motion (Dkt. No. 129) is
     therefore GRANTED.

     REPORT AND RECOMMENDATION
     PAGE -1

01   This Court has now reviewed plaintiff's motion for preliminary injunctive relief, and all

02   supporting materials, defendant's response thereto, and plaintiff's supplemental materials, and

03   hereby concludes that plaintiff's motion for preliminary injunctive relief should be denied.

04   DISCUSSION

05   The basic function of a preliminary injunction is to preserve the *status quo ante litem*

06   pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v.*

07   *National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary

08   injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v.*

09   *Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

10   Under the traditional standard, a court may issue preliminary relief if it finds that (1)
      the moving party will suffer irreparable injury if the relief is denied; (2) the moving

11   party will probably prevail on the merits; (3) the balance of potential harm favors the
      moving party; and (4) the public interest favors granting relief. . . . Under the

12   alternative standard, the moving party may meet its burden by demonstrating either
      (1) a combination of probable success and the possibility of irreparable injury or (2)

13   that serious questions are raised and the balance of hardships tips sharply in its favor.

14   *Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

15   The standards "are not discrete tests, but are instead 'outer reaches of a single

16   continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States*

17   *Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the

18   moving party must demonstrate exposure to irreparable harm absent the requested judicial

19   intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

20   Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary

21   relief. *Id.* Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to

22   preliminary injunctive relief." *Id.* (emphasis in original).

23   Plaintiff is a prisoner at the King County Regional Justice Detention Center ("RJC") in

24   Kent, Washington. He has filed a civil rights complaint in which he asserts that the named

25   defendants have violated, and continue to violate, his right of access to the courts by failing to

26   provide him access to an adequate law library, or to a person trained in the law. He further asserts

01   that he has suffered, and continues to suffer, irreparable injury as a result of the alleged deprivation

02   of his right of access to the courts because he has been unable to pursue challenges to his current

03   incarceration, to a prior criminal conviction, and to the conditions of his confinement.

04           In conjunction with his complaint, plaintiff filed a motion for preliminary injunctive relief.

05   He asserted therein that he was being denied adequate legal access and that he would suffer

06   irreparable harm if adequate access was not granted immediately.   Plaintiff sought an order

07   directing that he be provided with fifteen hours of weekly access to an adequate law library and

08   "other necessary tools and supplies."  Plaintiff argued that the requested access was necessary to

09   allow him to deal with issues that had arisen in his criminal case, to collaterally attack a prior

10   conviction, to challenge the conditions of his current confinement, and to pursue a "public records

11   case" to get his truck back.  Plaintiff's first motion for preliminary injunctive relief was denied by

12   the Court in November 2004.  (*See* Dkt. No. 78.)  Plaintiff appealed that ruling to the Ninth

13   Circuit where it remains pending at this time.

14           Plaintiff has now presented a second motion for preliminary injunctive relief to the Court

15   for review.  Plaintiff once again asserts that he is being denied access to adequate legal materials

16   and asks the Court to address various conditions which he contends are "unreasonably infringing"

17   on his right to access the courts.  Specifically, plaintiff asks that defendants be ordered to (1) log

18   all of plaintiff's incoming and outgoing legal mail; (2) allow plaintiff access to certified and/or

19   registered mail; (3) allow plaintiff access to a direct-dial telephone; (4) allow plaintiff to send out

20   money held in his inmate trust account for court-related business; (5) provide plaintiff with direct

21   access to federal circuit precedent; (6) provide plaintiff with direct access to the Legal Materials

22   Service for at least five hours per week; (7) provide plaintiff with access to notary services; (8)

23   allow plaintiff to store tape recording equipment for use in depositions; (9) allow plaintiff to use

24   the procedure outlined in Section 4.12.080 of the King County Code to effect original service of

25   civil actions/summons; (10) provide plaintiff with access to a confidential procedure for

26   photocopying legal documents; and, (11) allow plaintiff to utilize a pen and typewriter for

01  preparing legal documents.  (Dkt. No. 107.)

02       As noted above, plaintiff has submitted voluminous materials in support of his motion for

03  preliminary injunctive relief.  However, none of plaintiff arguments, or the materials offered in

04  support thereof, persuade this Court that plaintiff will suffer irreparable harm absent the requested

05  judicial intervention.  The Court will briefly address plaintiff's individual requests for relief below.

06  *1.*    ***Legal Mail***

07       Plaintiff first asks that defendants be ordered to log all of his incoming and outgoing legal

08  mail.  Plaintiff asserts that his outgoing correspondence is not arriving at its destination and that

09  incoming correspondence from the Court is not being delivered.  Plaintiff contends that he needs

10  a procedure for verifying when legal mailings are sent and received.  The record reflects that

11  defendants have attempted to address plaintiff's concerns about his mail by photocopying the

12  envelopes to his incoming and outgoing mail.  Plaintiff apparently deems this method of record-

13  keeping insufficient and believes that a written log of his incoming and outgoing legal mail would

14  more appropriately address his concerns.  However, plaintiff fails to demonstrate that maintenance

15  of a mail log would provide any greater benefit than the procedure currently in place.  More to the

16  point, plaintiff fails to demonstrate that absent the change in procedures he will suffer irreparable

17  harm.  Accordingly, plaintiff is not entitled to injunctive relief with respect to this claim.

18  *2.*    ***Certified/Registered Mail***

19       Plaintiff asks that defendants be ordered to provide him access to certified and registered

20  mail services.  Plaintiff appears to be of the belief that access to these services would resolve some

21  of the mail problems he complains of above.  It is clear that plaintiff has access to regular United

22  States Mail services and, as noted above, that the RJC has a process in place to keep track of

23  plaintiff's incoming and outgoing mail.  Plaintiff fails to persuade this Court that his inability to

24  access these specialized mail services will cause him irreparable harm.  Accordingly, plaintiff is not

25  entitled to injunctive relief with respect to this claim.

26  *3.*    ***Direct Dial Phone Access***

REPORT AND RECOMMENDATION
PAGE -4

01        Plaintiff asks that defendants be ordered to provide him access to a direct-dial telephone.

02  Plaintiff contends that direct-dial phone access is necessary in order for him to contact attorneys,

03  service agencies, government agencies, court clerks, and court reporters which would allow him

04  to perfect the filing of his first amended complaint in this action and to pursue other actions.

05  Plaintiff notes that he previously used a direct-dial phone at the RJC to conduct a discovery

06  conference and that the King County Superior Court has ruled that the RJC must provide direct-

07  dial phone access once it is established by a pretrial detainee that such access is needed.

08        It appears from the documentation provided by plaintiff in support of his motion that the

09  King County Superior Court has seen fit to grant direct-dial phone access to defendants

10  proceeding *pro se* in state criminal proceedings.  (*See* Dkt. No. 110, Ex. 11; *see also* Dkt. No.

11  109, Ex. 1, Opinion in *State v. Route*, 117 Wn.App. 1007 (2003)).  However, the fact that the

12  King County Superior Court has granted direct-dial phone access to inmates in certain instances,

13  does not establish that plaintiff is also entitled to direct-dial phone access for purposes of pursuing

14  pending or contemplated actions.  Plaintiff, who has access to a telephone from which he can make

15  collect calls, and to mail services, makes no showing that he will suffer irreparable harm if he is

16  not provided direct-dial phone access.  Thus, plaintiff is not entitled to injunctive relief with

17  respect to this claim.

18  *4.      Access to Inmate Account*

19        Plaintiff asks that defendants be ordered to provide him access to his personal funds on

20  account at the RJC so that he may send out his own money to obtain materials and services

21  necessary to pursue current and contemplated litigation.  Plaintiff argues that there is no legitimate

22  governmental objective associated with denying him the ability to send his own money to the

23  courts, government agencies and businesses.  Defendants state that the RJC does not have a

24  mechanism for issuing checks for inmates to pay expenses related to personal or legal matters.

25  (*See* Dkt. No. 118 at 3.)  Defendant note, however, that there is a mechanism for dispersing cash

26  from an inmate's account to another individual so long as the person receiving the money has

REPORT AND RECOMMENDATION
PAGE -5

01  identification and signs a receipt. ( *Id*.)  This latter mechanism appears to be a reasonable

02  accommodation.  Moreover, plaintiff makes no showing that he will suffer irreparable harm if he

03  is not allowed to send his own money to courts, government agencies and businesses to pay for

04  case-related business.  Accordingly, plaintiff is not entitled to injunctive relief with respect to this

05  claim.

06  *5.        Direct Access to Circuit Authority*

07          Plaintiff asks that he be provided direct access to circuit authority for at least five hours

08  per week.  He argues that he requires direct access to the federal reporter, the federal supplement,

09  and the federal rules decisions in order to litigate this and other pending cases.  Plaintiff does not

10  deny that he has access to these materials.  His complaint appears to be that the procedures

11  available to him for accessing these materials are time consuming and inefficient.  The record

12  before this Court suggests that the complained of inefficiencies in the legal access system are not

13  hindering plaintiff's ability to litigate this action.  Furthermore, plaintiff offers no persuasive

14  argument, nor any evidence, that he will suffer irreparable harm if he is not granted the direct

15  access he seeks.  The larger issue of whether the legal access scheme at the RJC, as a whole,

16  provides adequate legal access is a matter that will be considered once the Court has an

17  opportunity to review the actual merits of the complaint.  As plaintiff has not demonstrated that

18  he will suffer irreparable harm if he is not granted direct access to circuit authority, he is not

19  entitled to injunctive relief with respect to this claim.

20  *6.        Direct Access to Legal Materials Service*

21          Plaintiff also asks that, in addition to five hours per week direct access to federal circuit

22  authority, he be provided five hours per week direct access to the Legal Materials Service laptop

23  computer.  Plaintiff argues that he requires more than the one hour per week currently provided

24  in order to litigate current, and anticipated future actions.  However, nothing in the record before

25  this Court suggests that plaintiff's limited access to the Legal Materials Service laptop has

26  hindered his ability to litigate this, or any other, action.  While plaintiff may be required to make

REPORT AND RECOMMENDATION
PAGE -6

01 some decisions regarding the manner in which he chooses to litigate the actions he currently has

02 pending, the Court is not convinced that he is being precluded from pursing any additional actions.

03 As plaintiff has not established that he will suffer irreparable harm absent the requested judicial

04 intervention, plaintiff is not entitled to preliminary injunctive relief with respect to this claim.

05 **7.   *Access to Notary Services/Storing of Tape Recorder***

06      Plaintiff asks that defendants be ordered to provide him with notary services to swear in

07 defendants and non-party deponents at depositions.  He also asks that defendants be ordered to

08 allow him to store tape recording equipment for use in conducting depositions at the RJC.

09 Plaintiff asserts that there is a possibility of irreparable harm because he is under a deadline to

10 conduct discovery in this case.

11      Plaintiff argues that the RJC already has a procedure in place for *pro se* inmates to store

12 and temporarily access legal property and that their unwillingness to allow plaintiff to utilize the

13 procedure is unreasonable.  Plaintiff notes that jail officials can provide access to recording

14 equipment when ordered to do so, as demonstrated by the fact that they have been ordered to do

15 so in previous cases.  In the materials submitted by plaintiff in support of his motion, he has

16 provided documents demonstrating that the King County Superior Court previously ordered the

17 King County Department of Adult Detention to allow an inmate who was apparently proceeding

18 *pro se* in a state criminal proceeding to use a tape recorder which was in his property.  (*See* Dkt.

19 No.  110, Ex. 21.)

20      In a prior motion to compel, plaintiff asked that defendants be compelled to allow him to

21 have a tape recorder delivered to him at the RJC and to allow him to retain the tape recorder in

22 his cell for the duration of discovery.  Plaintiff also asked that defendants be compelled to provide

23 a notary public to administer the oath for each deposition.  The Court ruled at that time that

24 because plaintiff had other available means to obtain discovery from defendants, the Court would

25 not override the legitimate security concerns of the institution to permit the depositions to be taken

26 in the manner proposed by plaintiff.  Plaintiff, in the instant motion, has modified his request

01 slightly and now request only that he be permitted to store tape recording equipment in a legal

02 materials box and that he be permitted to access the recording equipment for purposes of taking

03 depositions.  Defendants continue to object to this request on the grounds that the argument is

04 moot, as the Court already decided it, and that the responsibility for taking depositions is plaintiff's

05 and not theirs.

06       While the Court does not deem plaintiff's argument regarding recording equipment and

07 notary services moot, plaintiff has yet to demonstrated that he is unable to obtain the necessary

08 discovery in any other fashion.   Thus, the Court cannot conclude that plaintiff will suffer

09 irreparable injury if the requested relief is not granted.   Accordingly, plaintiff therefore is not

10 entitled to injunctive relief with respect to this claim.

11 *8.      Service Procedures*

12       Plaintiff asks that defendants be ordered to allow him to use the procedure outlined in King

13 County Code 4.12.080 to effect original service of new civil actions and summons.  Plaintiff

14 appears to interpret the policy in question as authorizing personal service of a summons and

15 complaint on *any* county employee.  Plaintiff, however, misconstrues the policy.   King County

16 Code 4.12.080(b) provides that "[a]ny county official or employee who is served with a summons

17 and/or complaint in a lawsuit against the county or against any of its officials, employees or

18 authorized agents alleged to be acting in their official capacities shall immediately deliver the

19 summons and/or complaint to the clerk of the council."

20       This policy does not relieve plaintiff of the obligation to effectuate service in the manner

21 required by the court in which the action is filed, it simply guides the conduct of an employee who

22 is properly in such an action.  As plaintiff has simply misconstrued the policy which he seeks to

23 have this court enforce, plaintiff is not entitled to injunctive relief with respect to this claim.

24 *9.      Provision of Pen and Typewriter*

25       Plaintiff asks that defendants be ordered to allow him to use a pen and a typewriter in

26 preparing his legal documents.  Plaintiff asserts that he has an injured right hand/wrist and that

01 drafting pleadings for all of his pending cases with a golf pencil causes him pain. Plaintiff also

02 asserts that Ninth Circuit rules require typewritten motions.

03       Plaintiff offers no evidence that he has a hand injury which interferes with his ability to

04 pursue his current and anticipated litigation. In fact, the tremendous volume of written materials

05 received from plaintiff suggests that any injury is not so significant as to impair his ability to

06 litigate.[2] And, while plaintiff contends that the lack of a typewriter impairs his ability to pursue

07 his pending appeal in the Ninth Circuit, typewritten briefs are not required by the Ninth Circuit and

08 plaintiff has made no showing that the lack of a typewriter otherwise prejudices him in his

09 proceedings before the Ninth Circuit. As plaintiff has made no showing of irreparable injury,

10 plaintiff's motion for preliminary injunctive relief should be denied with respect to this final issue.

11 **10.**    **Copy Procedure**

12       Plaintiff asks that defendants be ordered to provide him with access to a confidential

13 procedure for photocopying privileged legal documents. Plaintiff argues that he is entitled to

14 confidentiality of his work product under federal and state law. The procedure currently in place

15 at the RJC requires plaintiff to turn over his documents to RJC staff for photocopying. However,

16 it appears from the record that, while any materials submitted for copying receive a cursory review

17 to ensure that no contraband is contained in the material, RJC staff members do not actually read

18 the materials being copied. Plaintiff offers no persuasive argument that the current procedure is

19 inadequate nor any evidence that the procedure has prevented him from pursuing legitimate

20 grievances or actions. Plaintiff's claim is speculative at best and does not meet the standard for

21 granting of injunctive relief.

22 <u>CONCLUSION</u>

23       At this juncture, plaintiff has not demonstrated that he will suffer any irreparable harm

24

25       [2] The Court notes that plaintiff has filed approximately 100 pages of hand-written

26 documents related to the pending motion for injunctive relief alone. In this Court's view, plaintiff's submissions are excessive. Plaintiff should consider that more concise presentation of his arguments might provide him relief from some of the pain which he claims to be experiencing.

REPORT AND RECOMMENDATION
PAGE -9

01 absent the requested judicial intervention.   Plaintiff has therefore not satisfied the standard for

02 obtaining preliminary injunctive relief and, thus, this Court recommends that plaintiff's second

03 motion for preliminary injunctive relief be denied.  A proposed order accompanies this Report and

04 Recommendation.

05          DATED this  28th  day of March, 2005.

06                                              s/ Mary Alice Theiler
                                                United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -10