UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
MATTHEW G. SILVA,                   )    No. C04-1484 JCC-MAT
                                    )
                Plaintiffs,         )
        v.                          )    ORDER
                                    )
KING COUNTY, *et al.*,              )
                                    )
                Defendants.         )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff Matthew G. Silva has filed a pro se "Motion to Quash Minute Orders, etc." in the above-captioned matter. Dkt. # 221. The Honorable John C. Coughenour, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 234. Plaintiff's motion is therefore ripe for review by this Court.

Sections 144 and 455 of title 28 of the United States Code govern the disqualification of a district judge. If the judge's "impartiality might reasonably be questioned" or a party shows that the jduge "has a personal bias or prejudice" against him or in favor of the adverse party, recusal is appropriate. A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER

Plaintiff argues that Judge Coughenour's decisions in this case are evidence of bias and prejudice against plaintiff and his claims. The fact that plaintiff disagrees with Judge Coughenour's decisions does not indicate bias or prejudice. Plaintiff has not shown that any of those decisions were factually or legally incorrect, nor has he shown that there is a pattern of incorrect decisions that would cause a reasonable person to suspect bias. Allegations of bias based on nothing but the judge's adverse decisions in the pending matter raises a significant risk that the litigant is using the recusal motion for strategic purposes. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Plaintiff points to nothing other than Judge Coughenour's conduct in the context of these judicial proceedings to support his demand for recusal. None of Judge Coughenour's actions or decisions indicate antagonism or prejudice, however, and plaintiff has not met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Coughenour's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Coughenour from this matter is DENIED.[1]

DATED this 22nd day of August, 2005.

Robert S. Lasnik
United States District Judge

---

[1] To the extent Mr. Silva is seeking recusal of Magistrate Judge Theiler, such a request is also denied. Plaintiff has relied on actions Judge Theiler has taken in this case to support two motions to recuse in C04-1885JLR-MAT. The undersigned has already considered whether that conduct justifies the recusal of Judge Theiler and has found that it does not.

ORDER -2-