UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW SILVA,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, et al.,<br><br>    Defendant. | CASE NO. C04-1484C<br><br>ORDER |

This matter comes before the Court on Plaintiff's suit alleging violation of his civil rights under 42 U.S.C. § 1983 (Dkt. No. 5), the Plaintiff's Second Motion for Order Directing Subpoena Service (Dkt. No. 180), the Order of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 218), and Plaintiff's Objections to the Magistrate's Order (Dkt. No. 231). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the Court hereby finds and rules as follows:

**I.    BACKGROUND**

On July 14, 2004 Plaintiff, proceeding *pro se* and *in forma pauperis*, submitted his civil rights complaint alleging that, while incarcerated at the King County Regional Justice Center in Kent, Washington, his constitutional rights were violated as a result of his inadequate access to the courts. (Compl. 18.) Plaintiff subsequently filed a motion requesting that the Court serve subpoenas duces tecum

ORDER – 1

on the United States Department of Justice, Office of Justice Programs; Michael Spearman, King County Superior Court Judge; the King County Rural Library District; the King County Office of Public Defense; Fred Diamondstone, Attorney at Law, the King County Office of Risk Management; and Kathleen Taylor, Director of the ACLU of Washington. (Second Mot. for Subpoena Serv.) (Dkt. No. 180.) Under that motion Plaintiff sought documents relating to the development and implementation of the legal access scheme at King County adult detention facilities and documents relating to the legal access scheme as it currently exists.

Judge Theiler denied the Plaintiff's motion. Plaintiff then filed his objections with the Court.

## II. ANALYSIS

Rulings by magistrate judges on non-dispositive motions may be set aside by the district court only if found to be clearly erroneous. 28 U.S.C. § 636(b)(1)(A) (2005); Fed. R. Civ. P. 72(a). However, a special case is presented with respect to discovery requests. *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 423 (C.D. Cal. 1999). Where the magistrate's decision concerns evidentiary questions of relevance "'the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context.'" *Id.* (quoting *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)); *see also Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992) (no abuse of discretion in magistrate's decision that requested documents fell outside the scope of discovery). Thus, relevancy decisions by magistrates are reviewed for an abuse of discretion. *Wolpin*, 189 F.R.D. at 423. An abuse of discretion exists only when the decision is based on an erroneous conclusion of law or where the record contains no evidence on which the decision could have been rationally based. *Id.* (citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).

Plaintiff objects to Judge Theiler's order on the grounds that she erroneously considered the reasonableness of the Plaintiff's claims. However, Judge Theiler denied the motion on the grounds that the documents requested were irrelevant to the Plaintiff's legal claim of inadequate access to the courts

ORDER – 2

1  and were duplicative of discovery already requested.  Therefore, Plaintiff's motion will be considered
2  under the "abuse of discretion" standard, not the "clearly erroneous" standard.

3  Judge Theiler did not abuse her discretion in denying Plaintiff's motion to serve subpoenas on the
4  grounds that the documents requested were irrelevant.  Both of the claims alleged in the complaint center
5  around the theory that Plaintiff was denied adequate access to the courts.  A claim of violation of due
6  process due to inadequate access to the courts requires a demonstration that the shortcomings of
7  Plaintiff's legal access hindered his ability to pursue non-frivolous legal claims.  *Lewis v. Casey*, 518 U.S.
8  343, 354-55 (1996).  Subpoenas seeking documents regarding how King County's legal access scheme
9  was initially developed and implemented by people who are not parties to the action has nothing to do
10 with whether the current legal access scheme hindered Plaintiff's access to the courts.

11 Nor did Judge Theiler abuse her discretion when she denied the Plaintiff's motion on the grounds
12 that the requests for information about the legal access scheme as it currently exists are duplicative of
13 prior discovery requests by the Plaintiff.  *See Nugget Hydroelectric*, 981 F.2d at 438-39.  Judge Theiler
14 was clearly able to adequately determine the duplicative nature of the discovery requests based on her
15 ongoing involvement in this case and with the discovery process.  After examining the record and the
16 parties' pleadings on this motion, Judge Theiler determined that "it appears that such documents have
17 already been provided to plaintiff in response to prior discovery requests."  (Order 4) (Dkt. No. 218.)

18
19 //
20 //
21 //
22 //
23 //
24 //

25 For these reasons, the Court AFFIRMS Judge Theiler's Order and DENIES the Plaintiff's Second
26 ORDER – 3

1 Motion for Order Directing Subpoena Service.  The Clerk is directed to send copies of this Order to the

2 Plaintiff, Defendants' counsel, and Judge Theiler.

3       SO ORDERED this 27th day of September, 2005.

 

 

                                                                                                 John C. Coughenour

                                                                                                 United States District Judge

ORDER – 4