UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW SILVA,

    Plaintiff,

  v.

KING COUNTY, et al.,

    Defendants.

CASE NO. C04-1484 JCC-MAT

ORDER

    This matter comes before the Court on three motions regarding deadlines in this matter, U.S. Magistrate Judge Mary Alice Theiler's April 21, 2006 Order (Dkt. No. 270), and Plaintiff's Objections thereto (Dkt. No. 281). Having reviewed the materials and the record and determined that oral argument is not necessary, the Court hereby finds and rules as follows:

    Rulings by magistrate judges on non-dispositive motions may be set aside by the district court only if found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

    Judge Theiler's April 21, 2006 Order set forth a detailed procedural history in this case and concluded that Defendants' motion for an enlargement of the time for filing dispositive motions should be granted under the standard of Federal Rule of Civil Procedure 6(b)(2). Rule 6(b)(2) allows enlargement of time upon motion made after the expiration of a deadline upon a showing of "excusable neglect." The

ORDER – 1

dispositive motions deadline in this case was September 2, 2005. Defendants' motion for enlargement was filed on March 14, 2006. Finding clear "neglect" by Defendants, Judge Theiler nevertheless found such neglect "excusable" after considering the facts.

Plaintiff objects to Judge Theiler's order on the grounds that she applied the wrong standard, and therefore that her order is "contrary to law." Plaintiff contends that the dispositive motions deadline was set in a *scheduling order*, and that the proper standard for review of such a deadline is that for *modification of a scheduling order* under Federal Rule of Civil Procedure 16(b), not Rule 6(b). Rule 16(b) requires a "showing of good cause" for modification of a scheduling order. If a party was not "diligent," there can be no finding of good cause under Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff argues that Defendants fail under both standards, but that even if Defendants' neglect was excusable, they have not shown good cause for their delay. Plaintiff thus asks this Court to apply Rule 16(b) and find a lack of good cause for Defendants' delay, vacate Judge Theiler's order, deny Defendants' request for enlargement of time, and re-docket Plaintiff's stricken motions to compel Defendants to confer regarding a joint pretrial statement and to continue the joint pretrial statement due date.

This Court has broad discretion over its docket, and particularly in enforcing and modifying scheduling orders. *Johnson*, 975 F.2d at 607. This is especially so where, as here, no trial date has been set and the heretofore less-than-smooth litigation of this case can be ended and order restored—now that the Court has the attention of all parties. The Court finds nothing in the record to demonstrate that Judge Theiler's disposition of the dispute about enlargement of deadlines was clearly erroneous or contrary to law. While the applicable standard does appear to be that of Rule 16(b) rather than Rule 6(b), any error in determining which standard to apply is harmless even if "contrary to law," because this Court finds modification of the scheduling order to be proper under *either* standard. While Defendants' diligence is questionable, the Court cannot find a total lack of diligence on their part, given the facts and procedural history of this case. Nor can the Court justify such a finding when considering the overall effect on this

ORDER – 2

litigation if dispositive motions are not allowed.  The Court finds that dispositive motions practice will benefit the litigation of this matter, promote efficiency in case-management, and aid clarification of trial issues for *all* parties.  Indeed, it is not only Defendants who may file dispositive motions.  Further, parties opposing dispositive motions may use responsive pleadings as devices to frame legal and factual issues, just as the movants themselves do.

For the foregoing reasons, Judge Theiler's order cannot be vacated as clearly erroneous or contrary to law.  However, the Court reminds counsel of their responsibilities as officers of the Court and notes that future conduct of the nature observed by Judge Theiler and described in her April 21, 2006 Order may very well amount to a lack of diligence and be sanctionable in a variety of ways.

Accordingly, the Court AFFIRMS Judge Theiler's Order and DENIES Plaintiff's request to have such order vacated and to have his motions regarding the joint pretrial statement re-docketed.  The Clerk is directed to send copies of this Order to Plaintiff, Defendants' counsel, and Judge Theiler.

SO ORDERED this 12th day of May, 2006

John C. Coughenour

United States District Judge

ORDER – 3