01
02
03
04
05

06     UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
07              AT SEATTLE

08  MATTHEW G. SILVA,           )   CASE NO. C04-1484-JCC-MAT
                                )
09       Plaintiff,             )
                                )
10       v.                     )   ORDER RE: PLAINTIFF'S
                                )   READINESS REPORT, REQUEST TO
11  KING COUNTY, et al.,        )   STRIKE DEFENDANT'S REPLY,
                                )   AND REQUEST FOR TRIAL DATE
12       Defendants.            )
    _____)
13

14      This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has filed with

15  the Court a document entitled "Plaintiff's Readiness Report, Request to Strike Defendant's Reply

16  Re: Enlargement, and Request for Trial Date." (Dkt. No. 274.) In that document, plaintiff

17  requests that the Court grant him the following relief: (1) an order striking defendants' reply brief

18  in support of their motion for enlargement of time; (2) an order finding defendants and/or their

19  counsel in contempt; (3) an order disqualifying attorney David Eldred from representing

20  defendants in this action; and, (4) an order setting a trial date of June 15, 2006. Plaintiff has also

21  submitted a number of declarations which he believes support his requests for relief. (*See* Dkt.

22  Nos. 271, 275, and 277.) Defendants have filed a response addressing each of plaintiff's requests.

ORDER RE: PLAINTIFF'S READINESS REPORT,
REQUEST TO STRIKE DEFENDANT'S REPLY, AND
REQUEST FOR TRIAL DATE
PAGE -1

01  The Court, having reviewed the briefing of the parties, does hereby find and ORDER as
02  follows:

03  (1)  Plaintiff's request to strike defendants' reply brief is DENIED. Plaintiff seeks an
04  order striking defendants' reply brief in support of their motion for enlargement of time on the
05  grounds that the reply brief was not timely under Local Rule CR 7(d)(3). Defendants contend that
06  the motion was timely under Fed. R. Civ. P. 6(e).

07  The record indicates that defendants' motion to strike was filed on March 14, 2006, and
08  was noted by defendants for consideration on March 23, 2006. Because defendants assigned an
09  improper noting date to the motion, this Court issued a minute order on March 14, 2006, advising
10  the parties that the proper noting date was March 31, 2006.

11  Pursuant to Local Rule CR 7(d)(3), plaintiff's response to defendants' motion for
12  extension of time was due by Monday, March 27, 2006, and plaintiff was required to have mailed
13  his response not later than Friday, March 24, 2006. The record reflects that plaintiff's response
14  was signed and mailed on Monday, March 27, 2006, and was received by the Court on
15  Wednesday, March 29, 2006. Defendants' reply brief was due on the noting date, March 31,
16  2006, but was not received until the following Monday, April 3 , 2006.

17  Local Rule CR 7 sets forth very specific requirements for parties engaging in motion
18  practice in this Court. It is fair to say that *neither* party, in this instance, strictly complied with
19  those requirements. Given this fact, and given that rulings on defendants' request for an extension
20  of time have now been issued by this Court and by United States District Judge John C.
21  Coughenour, the appropriate course of action is to allow the record to stand as it is. Accordingly,
22  none of the parties motions papers related to defendants' motion for extension of time will be

stricken.

(2)     Plaintiff's request for a contempt order is DENIED. Plaintiff requests that this Court issue a contempt order on the grounds that defense counsel "abandoned cooperating in the completion and submission of the court-ordered Joint Pretrial Statement." Plaintiff contends that defense counsel abandoned the joint pretrial statement preparation process in order to pursue defendants' motion for an extension of the dispositive motion filing deadline. Defendants, in their response to plaintiff's request for a contempt order, and in a supporting declaration submitted by David J. Eldred, detail the efforts that defendants made to participate in the preparation of the joint pretrial statement. Those documents reflect that defendants were actively involved in the process of preparing the joint pretrial statement between February 17, 2006, and March 29, 2006. According to defendants, their last attempt to communicate with plaintiff regarding the joint pretrial statement, which was by way of an e-mail sent to plaintiff's counselor for delivery to plaintiff on March 29, 2006, went unanswered. While the record makes clear that defendants were late getting started on the process of preparing the joint pretrial statement, plaintiff makes no showing that defendants "abandoned" the process once it had begun. Accordingly, issuance of a contempt order is not warranted.

(3)     Plaintiff's request for disqualification of defense counsel is DENIED. Plaintiff requests that this Court decide whether David Eldred, one of defendants' attorneys, and the entire King County Prosecuting Attorney's Office, should be disqualified from acting as counsel in this case. In support of this request, plaintiff notes that Mr. Eldred supervised the implementation of the King County Jail's legal materials access program and in so doing had confidential communication with judge and other county officials regarding the program. Plaintiff also

ORDER RE: PLAINTIFF'S READINESS REPORT,
REQUEST TO STRIKE DEFENDANT'S REPLY, AND
REQUEST FOR TRIAL DATE
PAGE -3

01 speculates that Mr. Eldred shared client confidences with other attorneys' in his office. Finally,

02 plaintiff suggests that a conflict of interest exists with the prosecutor's office because that office

03 represents the State of Washington in plaintiff's criminal case.

04     Plaintiff's request for disqualification of defense counsel is patently frivolous. Nothing in

05 the record before this Court demonstrates that there is any just cause for disqualification of either

06 David Eldred or the King County Prosecutor's Office from these proceedings.

07     (4)   Plaintiff's request for a trial date is DENIED. Plaintiff requests that a trial date be

08 set for June 15, 2006, so that this case can be adjudicated on the merits. Because the Court has

09 granted the parties an extension of time to file dispositive motions, the Court declines to set any

10 trial date at this juncture.

11     (5)   The Clerk is directed to send copies of this Order to plaintiff, to counsel for

12 defendants, and to the Hon. John C. Coughenour.

13     DATED this <u>18th</u> day of May, 2006.

15 _____
Mary Alice Theiler
United States Magistrate Judge